Perry J. Narancic, SBN 206820
LEXANALYTICA, PC
2225 E. Bayshore Road, Suite 200
Palo Alto, CA  94303
www.lexanalytica.com
pjn@lexanalytica.com
Tel: 650-655-2800

Attorneys for All Plaintiffs

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ZURVAN MAHAMEDI and MAHAMEDI IP LAW LLP,<br><br>          Plaintiffs,<br><br>     v.<br><br>WILLIAM PARADICE and PARADICE & LI, LLP,<br><br>          Defendants. | **CASE NO.**<br><br>**COMPLAINT**<br><br>1. **Misappropriation of Trade Secrets (18 U.S.C. § 1836)**<br>2. **Misappropriation of Trade Secrets (Cal. Civ. Code § 3426, et. seq,**<br>3. **Computer Fraud and Abuse Act (18 U.S.C. § 1030)**<br>4. **Violation of Cal. Penal Code, § 502**<br>5. **Violation of Cal. Penal Code, § 528.5**<br>6. **Breach of Fiduciary Duty**<br>7. **Fraud**<br>8. **Conversion**<br>9. **Breach of Contract** |

1

Plaintiff Zurvan Mahamedi and Mahamedi IP Law, LLP (together, the "Plaintiffs") for their complaint against William Paradice and Paradice & Li, LLP (together, the "Defendants") allege as follows:

## JURISDICTION AND VENUE

1. This Court has federal question jurisdiction of this action under 28 U.S.C. § 1331 because this action alleges violations of federal statutes, including the Computer Fraud and Abuse Act (18 U.S.C. § 1030) and the Defend Trade Secrets Act of 2016. This Court has supplemental or pendant jurisdiction over Plaintiffs' remaining claims pursuant to 28 U.S.C. §1367 because such claims are so related to Plaintiffs' federal computer fraud and trade secrets claims that they form part of the same case or controversy under Article III of the United States Constitution.

2. Venue is proper in this district under 28 U.S.C. §1391(b)(1) because Defendants are all residents of the State of California. Venue is also appropriate in this judicial district under 28 U.S.C. § 1391(b)(2) because the events that gave rise to this complaint occurred in this district.

## INTRADISTRICT ASSIGNMENT

3. Assignment to the San Jose Division of this Court is appropriate under Civil L.R. 3-2(c) and 3-2(e) because a substantial part of the events that give rise to Plaintiffs' claims occurred in Santa Clara County, California.

## PARTIES

4. Zurvan Mahamedi ("Mahamedi") is, and at all times herein mentioned was, a resident of San Mateo County. Mr. Mahamedi's principal place of business is located in Campbell, California.

5. Mahamedi IP Law, LLP is a limited liability partnership which is registered as a law firm in California, and which has principal offices in Campbell, CA. Mahamedi is the principal of the Mahamedi IP Law, LLP.

6. William Paradice ("Paradice") at all times mentioned herein had a principal place of business located in Campbell, California.

7. Paradice & Li, LLP is a limited liability partnership registered as a law firm in California, with principal offices located in Campbell, CA. Paradice is a principal of this firm.

## FACTS

8. Mahamedi and Paradice were the sole partners in the law firm Mahamedi Paradice LLP ("the Old Firm"), a California limited liability partnership which did business at 1901 South Bascom Ave., Suite 600, Campbell, CA 95008.

9. In April 2016, Paradice withdrew from the Old Firm in order to start a new law firm, Paradice & Li LLP (the "Paradice Firm").

10. Mahamedi and Paradice entered into a Partnership Separation Agreement ("PSA") on April 22, 2016, a copy of which is attached hereto as <u>Exhibit A</u>. As part of the PSA, Mahamedi was to retain control of the corporate partnership. The Old Firm was re-named as Mahamedi IP Law, LLP (the "Mahamedi Firm").

11. Part of the PSA specifically addressed the division of clients and how Paradice's client files would be transferred to the Paradice Firm. Specifically, under Section 8 of the PSA, Paradice was allowed to take only those files "which relate to clients that have provided written consent to transfer their files" to the Paradice Firm.

12. Some of the Old Firm's files were maintained on a computer system (the "Mahamedi Database"), which operated on a server located at the premises of the Old Firm. The Mahamedi Database contained Plaintiffs' confidential and proprietary information concerning billings, proprietary legal research and strategy materials, and client contacts (the "Trade Secrets").

13. The Old Firm used the Mahamedi Database to run its law practice in interstate commerce. In particular, Mahamedi used the Mahamedi Database to service and communicate with clients located across the United States.

14. Pursuant to Section 8 of the PSA, Paradice was to work with the Old Firm's IT personnel to transfer client files from the Mahamedi Database for Paradice's clients only. Pursuant to Section 8 of the PSA, Paradice only had authority to access the files of his clients for the transfer process.

3

Mahamedi v. Paradice
Complaint

15. Instead of accessing only his clients' information, Paradice exceeded his authority under the PSA by accessing and copying the entire Mahamedi Database. Paradice completed this activity by instructing the Old Firm's IT personnel during the weekend of April 23-24 to copy the entire Mahamedi Database. As a result, Paradice is in unlawful possession of the Trade Secrets.

16. Paradice made this transfer during a weekend, knowing that Mahamedi would not be around and knowing that he was knowingly misappropriating Trade Secrets.

17. Mahamedi, through counsel in a letter dated May 17, 2016, demanded that Paradice either delete or disable access to the Trade Secrets. That letter specifically stated that Mahamedi would seek judicial relief unless Paradice complied. Paradice has not replied to that letter, and he has failed to return or delete any Trade Secrets. As such, Mahamedi has no way to control who is accessing or using the Trade Secrets.

18. On information and belief, Paradice intends to use the Trade Secrets to compete with Mahamedi, to tarnish Mahamedi's reputation, to disseminate the Trade Secret information for improper use, and/or to contact Mahamedi's clients and/or solicit business.

19. Paradice's misappropriation of the Trade Secrets has been part of a wide ranging plan by Paradice to defraud Mahamedi. Mahamedi discovered that, after April 22, 2016, Paradice cancelled invoices from the Old Firm which were issued prior to the April 22, 2016, and agreed with those clients that he would re-issue these invoices through his new firm, the Paradice Firm. Attached hereto as <u>Exhibit B</u> is a communication from one of Paradice's clients showing this fraudulent scheme. These revenues from these cancelled invoices rightfully belonged to the Old Firm, and such revenue was to be distributed between Mahamedi and Paradice in accordance with the Old Firm's standard practices.

20. As part of Paaradice's scheme against Plaintiffs, as evident in Exhibit B, he mislead the billing department at Qualcomm into thinking that the Old Firm was merely changing names. Paradice acted in this way because if Qualcomm knew that there was a new legal entity providing services to Qualcomm, it would takes weeks or months to get the new entity approved

4

and entered into Qualcomm's billing system. But for this act of impersonation, Qualcomm would not have cancelled the invoices and would have paid the Mahamedi Firm.

21. A further part of Paradice's scheme to defraud Mahamedi was Paradice's practice of "wiping" Old Firm invoices for his clients "off the books". For example, in 2014 and 2015 Paradice took stock instead of cash payment for invoices and instructed the Old Firm's bookkeeper to write off the amounts from its accounting books. Attached hereto as Exhibit C is a communication from Paradice to the Old Firm's bookkeeper instructing her to wipe an invoice "off the books". In the case of the 2014 invoice that was wiped, a portion of this invoice was not included in the accounting and tax records of the Old Firm, resulting, at a minimum, in the filing of a false tax return for the Old Firm. The Mahamedi Firm (as a continuation of the Old Firm) will need to expend resources to correct this inaccuracy. In addition, Plaintiffs will need to hire forensic accountants to conduct an accounting, as Mahamedi is responsible under the PSA for preparing such an accounting and for filing tax returns for the Old Firm.

**FIRST CLAIM FOR RELIEF**

**(AGAINST ALL DEFENDANTS)**
**(MISAPPROPRIATION OF TRADE SECRETS UNDER THE DEFEND TRADE SECRETS ACT OF 2016 (18 U.S.C. § 1836(b)(1))**

22. Plaintiff re-alleges and incorporates by reference, as if fully set forth herein, the allegations in all preceding paragraphs.

23. The Trade Secrets and the Mahamedi Database obtained by Paradice are related to Mahamedi's services that are used in or intended for use in, interstate or foreign commerce. Moreover, the Trade Secrets were used to communicate with clients located outside of California.

24. The Trade Secrets are confidential and proprietary information, and Mahamedi and the Mahamedi Firm have taken reasonable steps to maintain the confidential nature of this information.

25. Defendants are in possession of the Trade Secrets without any color of right.

26. As a result of Defendants' misappropriation of the Trade Secrets, Defendants have violated the Defend Trade Secrets Act of 2016 (18 U.S.C. §§ 1832-1839).

5

Mahamedi v. Paradice
Complaint

27. As a direct and proximate result of Defendants' violation of the Defend Trade Secrets Act of 2016, Plaintiff has sustained damages in an amount that will be established at trial of this matter.

28. Defendants' actions in converting and misappropriating Plaintiffs' confidential proprietary and trade secret information for their own gain was willful, wanton, and malicious, and was taken with reckless disregard for the rights of the Plaintiffs.

29. Defendants' actions have caused and will continue to cause Plaintiffs irreparable harm if not preliminarily and permanently enjoined.

30. Plaintiffs have no adequate remedy at law.

## SECOND CLAIM FOR RELIEF

### (AGAINST ALL DEFENDANTS)
### (MISAPPROPRIATION OF TRADE SECRETS UNDER CALIFORNIA UNIFORM TRADE SECRETS ACT, CAL. CIV. CODE § 3426, *ET SEQ*.)

31. Plaintiffs re-allege and incorporate by reference, as if fully set forth herein, the allegations in all preceding paragraphs.

32. This is a claim for Misappropriation of Trade Secrets under the Uniform Trade Secrets Act, Cal. Civ. Code § 3426 et seq., based upon Defendants' wrongful and improper acquisition of Plaintiffs' confidential business information, including, but not limited to, Plaintiffs' client information.

33. Specifically, Defendants improperly obtained the Trade Secrets through the Mahamedi Database. The Trade Secrets derive independent economic value from not being generally known to the public or to other persons who can obtain economic value from its disclosure or use.

34. Plaintiffs consider these items to be confidential and proprietary trade secrets, and it has taken reasonable steps to maintain the confidential nature of this information.

35. Defendants have misappropriated the Trade Secrets since they were acquired by improper means under Cal. Civ. Code § 3426.1(b)(1).

36. As a direct and proximate result of Defendants' misappropriation of Plaintiffs' trade secrets, Plaintiffs have sustained substantial damages in an amount that will be established at trial of this matter.

37. Defendants' actions in misappropriating Plaintiffs' confidential, proprietary, and trade secret information for their own gain was willful, wanton, and malicious, and was taken with reckless disregard for the rights of the Plaintiffs.

38. Defendant's actions have caused and will continue to cause Plaintiffs irreparable harm if not preliminarily and permanently enjoined.

39. Plaintiffs have no adequate remedy at law.

### **THIRD CLAIM FOR RELIEF**

### **(AGAINST ALL DEFENDANTS)**
### **(VIOLATION OF THE COMPUTER FRAUD AND ABUSE ACT, 18 U.S.C. §1030))**

40. Plaintiffs re-allege and incorporate by reference, as if fully set forth herein, the allegations in all preceding paragraphs.

41. The computer on which the Mahamedi Database resided was used in interstate and foreign commerce and communication, and was a protected computer under 18 U.S.C. § 1030(e)(2).

42. On information and belief, Paradice knowingly and intentionally accessed Plaintiffs' computers without authorization or in excess of authorization.

43. On information and belief, after gaining unauthorized access to Plaintiffs' servers, Defendants obtained and accessed valuable information from Plaintiffs' protected computers.

44. Defendants knowingly, willfully, and with an intent to defraud accessed Plaintiffs' computers without authorization or in excess of authorization and obtained valuable information from Plaintiff's computers that, on information and belief, Defendants used to obtain something of value.

45. Defendants' conduct has caused a loss to Plaintiffs during a one-year period in excess of $5,000, and the value of the information accessed far exceeded $5,000.

7

46. Plaintiffs have been damaged by Defendants' actions, including being forced to expend resources to investigate the unauthorized access and abuse of its computer network. Plaintiffs seeks compensatory and other equitable relief under 18 U.S.C. § 1030(g) in an amount to be proven at trial.

47. Plaintiffs have suffered irreparable and incalculable harm and injuries resulting from Defendants' conduct, which harm will continue unless Defendants are enjoined from further unauthorized use of Plaintiffs' protected computers. Plaintiffs have no adequate remedy at law.

## **FOURTH CLAIM FOR RELIEF**

### **(AGAINST ALL DEFENDANTS)**
### **(VIOLATION OF CAL. PENAL CODE §502)**

48. Plaintiffs reallege and incorporate by reference, as if fully set forth herein, the allegations contained in all the preceding paragraphs.

49. Defendants knowingly accessed and without permission took, copied, and/or used data from Mahamedi's computers, computer systems and/or computer network in violation of California Penal Code § 502(c)(2).

50. Mahamedi suffered and continues to suffer damage as a result of Defendants' violations of the California Penal Code § 502 identified above.

51. Defendants' conduct also caused irreparable and incalculable harm and injuries to Mahamedi, and, unless enjoined will cause irreparable and incalculable injury for which Mahamedi has no adequate remedy at law.

52. Defendants willfully violated California Penal Code § 502 in disregard of Mahamedi's rights, and Defendants' actions as alleged above were carried out with oppression, fraud, and malice.

53. Pursuant to California Penal Code § 502(e), Mahamedi is entitled to injunctive relief, compensatory damages, punitive or exemplary damages, attorneys' fees, costs and other equitable relief.

## FIFTH CLAIM FOR RELIEF

### (AGAINST ALL DEFENDANTS)
### (VIOLATION OF CAL. PENAL CODE, § 528.5)

54. Plaintiffs re-allege and incorporate by reference, as if fully set forth herein, the allegations in all preceding paragraphs.

55. Paradice's act of impersonating the Old Firm, as described above in paragraph 20, caused injury to Plaintiff's by depriving them of revenues through fraud.

56. Pursuant to California Penal Code § 528.5€ , Mahamedi is entitled to injunctive relief and compensatory damages, and other equitable relief.

## SIXTH CLAIM FOR RELIEF

### (AGAINST ALL DEFENDANTS)
### (BREACH OF FIDUCIARY DUTY)

57. Plaintiffs re-allege and incorporate by reference, as if fully set forth herein, the allegations in all preceding paragraphs.

58. At all relevant times, Paradice owed Mahamedi a fiduciary duty to be honest in his dealings and to account for his revenues in a proper manner.

59. Paradice's practice of cancelling invoices from the Old Firm, and re-invoicing them through the Paradice Firm, unlawfully deprived the Plaintiffs of income.

60. Paradice's acts of unlawfully accessing and possessing the Trade Secrets further violated his fiduciary duty to the Plaintiffs.

61. Mahamedi relied upon Paradice to conduct himself in accord with the terms of their PSA and with established and honest business practices.

62. Defendants did each of the above acts maliciously to defraud Plaintiffs.

63. Plaintiffs have been injured by the conduct described above.

64. These acts were malicious, fraudulent and oppressive, justifying an award of punitive damages so that Defendants will not engage in such conduct in the future.

## SEVENTH CLAIM FOR RELIEF

**(AGAINST ALL DEFENDANTS)**
**(FRAUD)**

65. Plaintiffs re-allege and incorporates by reference, as if fully set forth herein, the allegations in all preceding paragraphs.

66. At all relevant times, Paradice owed Plaintiffs a fiduciary duty to be honest in his dealings and to account for his revenues in a proper manner, and Mahamedi relied on such a duty generally and in negotiating the PSA.

67. Paradice's practice of cancelling invoices from the Old Firm, and re-invoicing them through the Paradice Firm, unlawfully deprived the Plaintiffs of income.

68. Paradice's acts of unlawfully accessing and possessing the Trade Secrets further violated his fiduciary duty to the Plaintiffs.

69. Paradice's act of impersonating the Mahamedi Firm and misleading the Qualcomm billing department violated his fiduciary duty to Plaintiffs.

70. Mahamedi relied upon Paradice to conduct himself in accord with the terms of their PSA and with established and honest business practices.

71. Plaintiffs are informed and believe and thereon allege that Defendants did each of the above acts maliciously to defraud Plaintiff.

72. Plaintiffs have been injured by the conduct described above.

73. These acts were malicious, fraudulent and oppressive, justifying an award of punitive damages so that Defendants will not engage in such conduct in the future.

## EIGHTH CLAIM FOR RELIEF

**(AGAINST ALL DEFENDANTS)**
**(CONVERSION)**

74. Plaintiffs re-allege and incorporates by reference, as if fully set forth herein, the allegations in all preceding paragraphs.

75. Pursuant to the PSA, Plaintiffs have a clear legal ownership and right to possession in the accounts receivable in the invoices that Paradice cancelled. These invoices total $118,932.

76. Defendants wrongfully misappropriated Plaintiffs' accounts receivable for their own benefit and to Plaintiff's detriment, in violation of Plaintiff's property rights.

77. As a proximate result of Defendants' acts of conversion, Plaintiffs have been deprived of their property rights and suffered damages in the amount of $118,932.

78. The aforementioned acts of Defendants were willful, wanton, malicious, and oppressive, were taken with the intent to defraud, and justify the awarding of exemplary and punitive damages.

79. These acts were malicious, fraudulent and oppressive, justifying an award of punitive damages so that Defendants will not engage in such conduct in the future.

## **NINTH CLAIM FOR RELIEF**

**(AGAINST ALL DEFENDANTS)**
**(BREACH OF CONTRACT)**

80. Plaintiffs re-allege and incorporates by reference, as if fully set forth herein, the allegations in all preceding paragraphs.

81. Section 20 of the PSA provides that neither party neither shall "publish, discuss, disseminate in any manner (including by e-mail, blog, or any other computer or electronic media), either directly or indirectly, any disparaging statements, representations, inquiries or remarks about, or concerning, any of the parties, their employees, successors, assigns, business or personal lives."

82. Paradice breached Section of 20 of the PSA by sending an email on May 6, 2010 addressed to Mahamedi, and copying Mahamedi Firm employees, in which Paradice said that Mahamedi was "unprofessional" and acting in bad faith.

83. As a result of this breach, Mahamedi has been injured and a reward of money damages will be insufficient to compensate Mahamedi. Accordingly, Mahamedi is entitled to an injunction enjoining Paradice from disparaging Mahamedi.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for relief as follows:

(a)   An injunction preliminarily and permanently enjoining Defendants from using the Trade Secrets, and ordering Defendants to permanently delete all Trade Secrets in their possession,

(b)   An injunction preliminarily and permanently enjoining Defendants from violating Section 20 of the PSA;

(c)   As against all Defendants, an award of compensatory damages in an amount to be proven at trial,

(c)   As against all Defendants, for an award of exemplary damages in an amount determined at trial;

(d)   Pre-and post-judgment interest, costs and attorney fees.

(3)   For such other and further relief as shall be deemed proper.


Dated:  May 24, 2016                              Respectfully submitted,

                                                  LEXANALYTICA PC

                                                  By /s/ Perry J. Narancic
                                                      Perry J. Narancic

                                                  Attorneys for Plaintiff

Mahamedi v. Paradice
Complaint

**JURY DEMAND**

Plaintiff demands a jury trial on all issues so triable.

Respectfully submitted,

Dated: May 24, 2016                                LexAnalytica, PC

/s/ Perry J. Narancic
Perry J. Narancic

Attorney for all Defendants

13

Mahamedi v. Paradice
Complaint