UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| MAHAMEDI IP LAW, LLP, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>WILLIAM PARADICE,<br><br>Defendant. | Case No. 5:16-cv-02805-EJD<br><br>**ORDER DENYING PLAINTIFFS' EX PARTE APPLICATION FOR A TEMPORARY RESTRAINING ORDER**<br><br>Re: Dkt. No. 102 |

On February 17, 2017, this Court issued an evidence preservation order directing that forensic clones shall be made of all of Defendant's computers and drives "that were used to store (even temporarily) Plaintiffs' confidential, proprietary, or trade secret information." Dkt. No. 69. During a hearing on April 13, 2017, the parties agreed that Defendant had fully complied with the order. Dkt. No. 96.

However, Plaintiffs now claim that newly discovered evidence shows that Defendant has failed to comply with the evidence preservation order. Specifically, Plaintiffs point to an April 17, 2017, email from Yip Li, who was Mahamedi's former associate (and who now practices law with Defendant), indicating that Li had discovered emails from former clients in his mailbox. Dkt. No. 100-2.

On that basis, Plaintiffs have filed an ex parte request for a temporary restraining order ("TRO") "to direct the cloning of all Paradice & Li, LLP repositories" and to "lift[] the stay of discovery ordered by the Court at Dkt. No. 59." Dkt. No 102 at 2.

Plaintiffs have failed to show that they are likely to suffer irreparable harm absent a TRO. Under the Court's existing evidence preservation order, Defendant is required to allow cloning of "Paradice's personal and work computers, his iPad, and <u>any other computer drives</u> (both local or stored offsite or in the 'cloud') that were used to store (even temporarily) Plaintiffs' confidential, proprietary, or trade secret information." Dkt. No. 69 (emphasis added). If Plaintiffs' sensitive information exists on Paradice's drives that have not yet been cloned, the existing order indicates that they shall be cloned. To the extent that Plaintiffs seek cloning of drives that belong to nonparties, the Court declines to expand its evidence preservation order. Accordingly, Plaintiffs' request for a TRO is DENIED.

The Court also notes that this is Plaintiffs' third request for a TRO in four months (see Dkt. Nos. 40, 60, and 102), none of which have been granted. **Plaintiffs may not request further TROs without submitting a signed declaration**

(1) stating that lead counsel for Plaintiffs and Defendant have **met and conferred <u>in person</u>** to resolve the dispute that is the subject of the TRO request;

(2) stating the time and place of that meeting; and

(3) explaining Plaintiffs' efforts to resolve the dispute without Court intervention.

**IT IS SO ORDERED.**

Dated: April 20, 2017

_____
EDWARD J. DAVILA
United States District Judge

2
ORDER DENYING PLAINTIFFS' EX PARTE APPLICATION FOR A TEMPORARY RESTRAINING ORDER