UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

MAHAMEDI IP LAW, LLP, et al.,

Plaintiffs,

v.

WILLIAM PARADICE,

Defendant.

Case No. 5:16-cv-02805-EJD

**ORDER GRANTING DEFENDANT'S MOTION TO COMPEL ARBITRATION**

Re: Dkt. No. 16

Defendant William Paradice asks the Court to compel Plaintiffs Zurvan Mahamedi and Mahamedi IP Law, LLP (together, "Mahamedi") to arbitrate their claims. Because Mahamedi's claims fall within the scope of a valid arbitration agreement, Paradice's motion will be granted.

**I. BACKGROUND**

This case arises from the dissolution of a law partnership between Mahamedi and Paradice. Mahamedi alleges that Paradice improperly copied parts of the old firm's database containing information about Mahamedi's clients. Def.'s Mot. to Compel Arbitration ("Mot.") 4–12, Dkt. No. 16; Pls.' Opp'n to Def.'s Mot. to Compel Arbitration ("Opp'n") 2–6, Dkt. No. 21; Def.'s Reply in Support of Mot. to Compel Arbitration ("Reply") 1, Dkt. No. 24. Paradice alleges that Mahamedi improperly prevented client emails from reaching Paradice. Id. Both parties allege that the other mishandled client bills. Id.

Paradice initiated arbitration proceedings on July 26, 2016. Mot. 7. Paradice now moves the Court to compel arbitration and dismiss or stay this case. Id.

## II. LEGAL STANDARD

Under the Federal Arbitration Act ("FAA"), written arbitration agreements "shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the avoidance of any contract." 9 U.S.C. § 2 (2012). The FAA "leaves no place for the exercise of discretion by a district court, but instead mandates that district courts shall direct the parties to proceed to arbitration on issues as to which an arbitration agreement has been signed." Chiron Corp. v. Ortho Diagnostic Sys., Inc., 207 F.3d 1126, 1130 (9th Cir. 2000) (citing Dean Witter Reynolds Inc. v. Byrd, 470 U.S. 213, 218 (1985)). A district court's role is limited to determining (1) whether the parties agreed to arbitrate and, if so, (2) whether the claims at issue are within the scope of that agreement. Id. If the party seeking arbitration meets these two requirements, the court must compel arbitration. 9 U.S.C. § 4; Chiron, 207 F.3d at 1130.

If a contract contains an arbitration clause, the clause is presumed to be valid. AT&T Techs., Inc. v. Commc'ns Workers of Am., 475 U.S. 643, 650 (1986). "[A]ny doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration." Three Valleys Mun. Water Dist. v. E.F. Hutton & Co., 925 F.2d 1136, 1139 (9th Cir. 1991). The party opposing arbitration has the burden of showing that an arbitration clause is invalid or otherwise unenforceable. Engalla v. Permanente Med. Grp., Inc., 15 Cal. 4th 951, 972 (1997).

Nonetheless, "arbitration is a matter of contract and a party cannot be required to submit to arbitration any dispute which he has not agreed so to submit." AT&T, 475 U.S. at 648 (quoting Steelworkers v. Warrior & Gulf Navigation Co., 363 U.S. 574, 582 (1960)). General contract law principles govern the interpretation and enforcement of arbitration agreements. First Options of Chicago v. Kaplan, 514 U.S. 938, 944 (1995).

## III. DISCUSSION

Paradice alleges the existence of four agreements with Mahamedi that contain arbitration provisions:

1. The "Amended and Restated Limited Liability Partnership Agreement of Mr. Mahamedi, Mr. Paradice and Mr. Kriesman" (the "First PA"), executed on January 1, 2014. Reply

Case No.: 5:16-cv-02805-EJD
ORDER GRANTING DEFENDANT'S MOTION TO COMPEL ARBITRATION

2

1. 3.

2. The "Amended and Restated Limited Liability Partnership Agreement of Mahamedi Paradice, LLP" (the "Amended PA"), also executed on January 1, 2014. Reply 2.

3. The "Second Amended and Restated Limited Liability Partnership Agreement of Mahamedi Paradice, LLP" (the "Second Amended PA"), which was not executed. Reply 2–3.

4. The "Partnership Separation Agreement" (the "PSA"), executed in April 2016 upon dissolution of the partnership. Mot. 5.

Mahamedi denies having signed the Amended PA or the Second Amended PA. Opp'n 7–9. However, Paradice points out—and Mahamedi does not dispute—that both Mahamedi and Paradice signed the First PA. Reply 3–4; see also Supp. Paradice Decl. Ex. , Dkt. No. 24-3 (attaching a copy of the signed First PA). Paradice also points out that all three partnership agreements contain the same arbitration provision (in section 13.9), which provides:

> Except as otherwise provided in this Agreement, any controversy or dispute arising out of this Agreement, the interpretation of any of the provisions, or the action or inaction of any Partner will be submitted to arbitration in San Jose, California, pursuant to the commercial rules of the American Arbitration Association ... No action at law or in equity based upon any claim arising out of or related to this Agreement will be instituted in any court by any Partner except (i) an action to compel arbitration pursuant to this Section, or (ii) an action to enforce an award obtained in an arbitration proceeding in accordance with this Section.

Mot. 5; Reply 2–4.

Mahamedi argues that this arbitration clause should be interpreted to apply only "to the interpretation and performance of the contract itself." Opp'n 15. He cites Ninth Circuit authority holding that this narrow interpretation is warranted when the arbitration provision refers to disputes "arising out of" the agreement (as opposed to "arising out of or relating to" the agreement). Id. (citing Mediterranean Enters., Inc. v. Ssangyong Corp., 708 F.2d 1458 (9th Cir. 1983) and Tracer Research Corp. v. Nat'l Environmental Servs. Co, 42 F.3d 1292 (9th Cir. 1994)). However, unlike the agreements at issue in Mediterranean and Tracer, the arbitration clause here includes the phrase "related to" as well as "arising out of." Mot. 5 ("No action at law or in equity

Case No.: 5:16-cv-02805-EJD
ORDER GRANTING DEFENDANT'S MOTION TO COMPEL ARBITRATION
3

based upon any claim arising out of <u>or related to</u> this Agreement will be instituted in any court by any Partner."). In addition, the arbitration clause states that it applies to disputes "arising out of this Agreement" as well as to "the interpretation of any of the provisions, or the action or inaction of any Partner." <u>Id.</u> Thus, the arbitration agreement cannot be interpreted as narrowly as Mahamedi suggests. <u>See</u> Reply 7–8 (citing Ninth Circuit authority finding that similar arbitration clauses should be interpreted more broadly than the clauses at issue in <u>Mediterranean</u> and <u>Tracer</u>).

Mahamedi also argues that Paradice waived his right to pursue arbitration. Opp'n 9–14. In May 2016, Paradice filed a state-court action against Mahamedi arising from the same disputes that are involved in the present case. <u>Id.</u> at 5; <u>see also</u> <u>Iskanian v. CLS Transportation Los Angeles, LLC</u>, 59 Cal. 4th 348, 375 (2014) (enumerating the factors that courts consider in deciding whether a party has waived the right to arbitration, including whether the party's action—such as initiating litigation—are inconsistent with the right to arbitrate). The state court set a hearing on Paradice's request for a preliminary injunction. Reply 9. At that hearing, Mahamedi and Paradice reached an agreement as to the injunctive relief Paradice sought. <u>Id.</u> As a result, the state court action was dismissed without prejudice. <u>Id.</u> Here, Paradice correctly points out that the state-court action did not result in a decision on the merits. <u>Id.</u>; <u>see also</u> <u>Richards v. Ernst & Young, LLP</u>, 744 F.3d 1072, 1074–75 (9th Cir. 2013) ("One of [Plaintiff's] claims . . . was dismissed without prejudice, which is not a decision on the merits."). Mahamedi suffered no prejudice as a result of the state-court action, and Paradice did not waive his right to arbitrate. <u>See</u> <u>Richards</u>, 744 F.3d at 1074–75 (holding that the defendant did not waive its right to arbitrate by filing a state-court action that was dismissed without prejudice); <u>Iskanian</u>, 59 Cal. 4th at 375 (holding that one factor relevant to the waiver inquiry is whether a party's "delay affected, misled, or prejudiced the opposing party") (quotation marks omitted).

Mahamedi concedes that the accounting disputes are arbitrable under the PSA. Opp'n 19. However, Mahamedi argues that the PSA extinguished the obligations of the parties as of April 22, 2016. <u>Id.</u> at 19–20. The PSA required Mahamedi to provide an allocation of 2016 profits "in accordance with section 11 and schedule C" of the agreement, and distribute all "Accounts

Case No.: 5:16-cv-02805-EJD
ORDER GRANTING DEFENDANT'S MOTION TO COMPEL ARBITRATION
4

Receivable collected after April 22, 2016 . . . in accordance with the calculations on schedule C." Reply 13. However, as Paradice points out, schedule C was left blank, which makes it impossible for the parties to determine how they were to allocate profits and distribute accounts receivable. Id. at 13–14. The Court agrees with Paradice that this omission renders this provision of the PSA void for uncertainty. Id. at 14. The PSA also included a provision that preserved portions of the earlier partnership agreement that were not inconsistent with the PSA. Id. (citing PSA section 29). Thus, because the PSA did not supersede the First PA, and the accounting dispute remains arbitrable under the PA.

## IV. CONCLUSION

The Court finds that the arbitration provision in the First PA is valid and enforceable, and that Mahamedi's claims "aris[e] out of [the] Agreement, the interpretation of [its] provisions, or the action or inaction of any Partner." Reply 5 (quoting First PA section 13.9). As such, Paradice's motion to compel arbitration is GRANTED and Mahamedi's complaint is dismissed. The Clerk shall close this file.

**IT IS SO ORDERED.**

Dated: August 24, 2017

EDWARD J. DAVILA
United States District Judge

Case No.: 5:16-cv-02805-EJD
ORDER GRANTING DEFENDANT'S MOTION TO COMPEL ARBITRATION
5