UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| MAHAMEDI IP LAW, LLP, et al.,<br><br>　　　　　Plaintiffs,<br><br>　　v.<br><br>WILLIAM PARADICE,<br><br>　　　　　Defendant. | Case No.  5:16-cv-02805-EJD<br><br>**ORDER DENYING DEFENDANT'S MOTION FOR ATTORNEYS' FEES**<br><br>Re: Dkt. No. 127 |

　　　　This case arose from the dissolution of a law partnership between Plaintiff Zurvan Mahamedi and Defendant William Paradice. First Am. Compl. ("FAC"), Dkt. No. 11. Mahamedi alleged that Paradice improperly copied parts of the old firm's database containing information about Mahamedi's clients. Id. Mahamedi asserted a variety of claims, including a claim under the federal Defend Trade Secrets Act ("DTSA"). Id. ¶¶ 22–31. On August 24, 2017, this Court granted Paradice's motion to compel arbitration and dismissed Mahamedi's complaint. Dkt. No. 126.

Case No.: 5:16-cv-02805-EJD
ORDER DENYING DEFENDANT'S MOTION FOR ATTORNEYS' FEES
1

Paradice now moves for an award of attorneys' fees. Def.'s Mot. for Att'ys' Fees ("Mot."), Dkt. No. 127. Paradice argues that he is entitled to a fees award under the attorneys' fees provision of the DTSA, which provides that

> a court may, . . . if a claim of [trade secret] misappropriation is made in bad faith, which may be established by circumstantial evidence, a motion to terminate an injunction is made or opposed in bad faith, or the trade secret was willfully and maliciously misappropriated, award reasonable attorney's fees to the prevailing party.

18 U.S.C. § 1836(b)(3)(D); Mot. 2.

Paradice's argument fails because he is not the "prevailing party" in this litigation. This Court has not adjudicated the merits of Mahamedi's DTSA claims. Rather, by granting Paradice's motion to compel arbitration, this Court determined that arbitration is the proper forum for deciding the merits. See Molina v. Scandinavian Designs, Inc., No. 13-cv-04256 NC, 2014 WL 1615177, at *10 (N.D. Cal. Apr. 21, 2014) ("an order compelling arbitration, being merely a preliminary procedural order that is not on the merits and does not materially alter the legal relationship of the parties, does not make the litigant obtaining the order a prevailing party for purposes of a fee award").

In his reply brief, Paradice argues that he is, in fact, the prevailing party: "And, as noted in Flooring 101, '[i]f a party succeeds on a motion to compel arbitration, it is the prevailing party,' and the final resolution of the arbitration is not required before attorney's fees can be awarded." Def.'s Reply in Support of Mot. for Att'ys' Fees 4, Dkt. No. 132 (quoting Flooring 101, Inc. v. Shaw Indus., Inc., No. CV 09-2279 DSF, 2009 WL 10675795, at *2 (C.D. Cal. Oct. 7, 2009)). But Paradice omits the end of the sentence he quotes from Flooring 101, which reads in full: "If a party succeeds on a motion to compel arbitration, it is the prevailing party for § 1717 purposes." Flooring 101, 2009 WL 10675795, at *2 (emphasis added). The court is referring to Cal. Civ. Code § 1717, which provides that "[w]hen [a] suit is brought on the basis of a contract and the terms of the contract provide for the award of attorney's fees, the court shall award attorney's fees to the prevailing party." Id. at *1 (emphasis added). Flooring 101 provides no support for Paradice's position because Paradice seeks fees under 18 U.S.C. § 1836(b)(3)(D), not under a

Case No.: 5:16-cv-02805-EJD
ORDER DENYING DEFENDANT'S MOTION FOR ATTORNEYS' FEES
2

contractual attorneys' fees provision. To the extent Paradice argues that he is entitled to attorneys' fees on the basis of a contract between the parties, rather than under the DTSA, that argument is improper because he failed to raise it in his opening brief.[1]

Accordingly, Paradice's motion for attorneys' fees is DENIED.

**IT IS SO ORDERED.**

Dated: November 16, 2017

EDWARD J. DAVILA
United States District Judge

---

[1] Mahamedi moves to strike Paradice's reply brief because Paradice failed to raise this argument in his opening brief. Dkt. No. 133. To that extent, Mahamedi's motion to strike is GRANTED. However, in his motion to strike, Mahamedi also argues that Paradice may not cite cases in his reply brief that were not cited in his opening brief or in Mahamedi's opposition brief. Id. at 3–4. The authority Mahamedi cites does not support this position. The Court also notes that, in Mahamedi's reply brief in support of his motion for leave to file a second amended complaint (Dkt. No. 35), Mahamedi cites twelve cases that were not cited in his opening brief (Dkt. No. 25) or in Paradice's opposition brief (Dkt. No. 30). As such, to that extent, Mahamedi's motion to strike is DENIED.

Case No.: 5:16-cv-02805-EJD
ORDER DENYING DEFENDANT'S MOTION FOR ATTORNEYS' FEES

3